## Scureman et ux. v. Perkiomen Realty Co.

*Frederick B. Smillie,* of *Smillie & Bean,* for petitioner.

*Edward M. Hawes,* of *Wright, Mauck & Hawes,* for respondent.

KNIGHT, P. J., February 18, 1943.—On July 5, 1941, plaintiff Catherine E. Scureman was injured when

certain steps or stairs collapsed upon a property owned by defendant company. The property was leased at the time to one Harry C. Speed, and plaintiff Catherine E. Scureman was an invitee thereon when she was injured. Plaintiffs' statement of claim was filed on February 2, 1942, and served on defendant 15 days later. On March 5th, J. Ambler Williams, a member of this bar, entered his appearance for defendant. The case has appeared four times on the trial list, and was continued each time: three times at the request of defendant, once at the request of plaintiffs. On January 15, 1943, Smillie & Bean, who now are of counsel for defendant, filed this petition on behalf of defendant, praying that time be given defendant within which to file a petition to join Harry C. Speed as an additional defendant.

The prayer of the petition must be denied. Pa. R. C. P. 2253, in force when this suit was instituted, provides:

"Rule 2253. Time for Filing Petition.

"No petition shall be granted if filed by a defendant later than sixty days after the service upon him of the initial pleading of the plaintiff or any amendment thereof, if he is an original defendant, or of the petition and order by which he was brought upon the record or any amendment thereof, if he is an additional defendant, unless the court shall upon application made prior to the expiration of the sixty days' period extend the time for filing such petition upon cause shown."

This petition was not filed within 60 days of the service of the initial pleading upon defendant.

Rule 2253, however, was amended by an order of the Supreme Court, dated December 30, 1942, and made effective immediately, to read as follows:

"Rule 2253. Time for Filing Præcipe.

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an

additional defendant later than sixty (.60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Rule 2274 provides:

"These rules shall become effective upon adoption and shall apply to actions pending at that time."

We have then to consider this petition under the rule as amended December 30, 1942.

It will be noted that in the amended rule there is no requirement that the application for extension of time shall be made prior to the expiration of the 60 days after the service of plaintiffs' original pleading on defendant. The amended rule provides that the filing of the petition (now præcipe), later than the 60-day period, may be allowed by the court upon cause shown.

The petition for the allowance of the filing of a præcipe after the 60-day period should contain: first, some reason, justification, or excuse for the delay; and second, a statement of the facts alleged to render the proposed additional defendant alone liable or liable with or liable over to defendant.

The petition in this case fails in both particulars. There is no reason set forth to excuse or justify the delay, except that additional counsel have recently been employed. Defendant was represented by counsel on March 5th of last year, and the cause should not be delayed to the prejudice of plaintiff because additional counsel have come into the case on behalf of defendant.

There is attached to the petition a copy of the lease between defendant and its tenant, Harry C. Speed, which provides that the latter shall keep the premises in good condition, order, and repair, and at the termination of said term will deliver up said premises in as good condition, order, and repair as the same now

364

are, reasonable wear and tear and damage by accidental fire excepted.

No other facts are alleged, and in the absence thereof we must assume the facts set forth in plaintiff's statement of claim to be true. Under these facts, we are of the opinion that the tenant would not be solely liable, or liable with defendant to plaintiffs, nor would the tenant be liable over to defendant.

And now, February 18, 1943, the rule is discharged.